# EXHIBIT A

**SUMMONS**
*(CITACION JUDICIAL)*

FILED
CIVIL BUSINESS OFFICE SUM-100
*(SOLO PARA USO DE LA CORTE)*
CENTRAL DIVISION

2017 JUL -3 PM 2: 16

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TUV SUD AMERICA, INC, a California Corporation; and DOES 1-25, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KATELYNNE CONSER, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego County Courthouse

Central Division
330 W. Broadway, San Diego CA 92101

CASE NUMBER:
*(Número del Caso):*
37-2017-00024107-CU-OE-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Josh D. Gruenberg, Esq. GRUENBERG LAW 2155 First Avenue San Diego CA 92101

DATE:
*(Fecha)* JUL 0 3 2017

Clerk, by
*(Secretario)* S. SIMPSON

, Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* TUV SUD America, Inc, a California Corporation

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 7/7/17

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

FILED
CIVIL BUSINESS OFFICE
CENTRAL DIVISION

2017 JUL -3  PM 2: 16

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

Joshua D. Gruenberg (163281)
Daphne A.M. Delvaux (292345)
GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013
TELEPHONE: (619) 230-1234
TELECOPIER: (619) 230-1074

Attorneys for Plaintiff,
KATELYNNE CONSER

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| KATELYNNE CONSER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TUV SUD AMERICA, INC., a California Corporation; and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No. 37-2017-00024107-CU-OE-CTL<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1.  GENDER DISCRIMINATION [Cal. Gov't Code § 12940(a)];<br>2.  RETALIATION [Cal. Gov't Code § 12940(h)];<br>3.  DISCRIMINATION ON BASIS OF PREGNANCY [Cal. Gov't Code § 12945];<br>4.  FAILURE TO PREVENT GENDER DISCRIMINATION [Cal. Gov't Code § 12940(k)];<br>5.  FAILURE TO PROVIDE EQUAL PAY TO MEMBERS OF THE OPPOSITE SEX [Cal. Lab. Code § 1197.5(a);<br>6.  RETALIATION [Cal. Lab. Code § 1102.5];<br>7.  RETALIATION [Cal. Lab. Code § 1197.5(j)(1)];<br>8.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.<br><br>**[JURY TRIAL DEMANDED]** |

COMES NOW THE PLAINTIFF, alleging against Defendants as follows:

### GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.  Plaintiff KATELYNNE CONSER, (hereinafter "Plaintiff" or "Conser") is a natural person who is, and at all relevant times was, a resident of the United States and a domiciliary of the State of California.

2.  Plaintiff is informed and believes and thereon alleges that Defendant, TUV SUD

AMERICA, INC. (hereinafter "TUV SUD" or "Defendant"), is a California corporation doing business in the State of California, and is subject to suit under the California Fair Employment Housing Act (FEHA), California Government Code § 12940 et seq.  On information and belief TUV SUD employs in excess of five employees in San Diego and elsewhere.

3.   Plaintiff is ignorant to the true names and capacities of the Defendants sued herein as DOES 1 through 25 and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when they are ascertained.

4.   Plaintiff is informed and believes and thereon alleges that each fictitiously named Defendant is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries and damages as herein alleged are directly, proximately and/or legally caused by Defendants.

5.   Plaintiff is informed and believes and thereon alleges that the aforementioned DOES are somehow responsible for the acts alleged herein as the agents, employers, representatives or employees of other named Defendant, and in doing the acts herein alleged were acting within the scope of their agency, employment or representative capacity of said named Defendants.

6.   The tortious acts and omissions alleged herein were performed by management level employees of Defendant.  Defendant allowed and/or condoned a continuing pattern of fraudulent and unfair practices.

7.   At all times mentioned herein, Cal. Gov't Code §12940, et seq., was in full force and effect and was binding on Defendants.

8.   The actions of Defendants against Plaintiff constitute unlawful employment practices in violation of Cal. Gov't. Code §12940, et seq., as herein alleged, and have caused, and will continue to cause, Plaintiff emotional distress and loss of earnings.

9.   At all times mentioned herein, Cal. Lab. Code § 1197.5(a) was in full force and effect and

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

was binding on Defendants.

10.    The actions of Defendants against Plaintiff constitute unlawful employment practices in violation of Cal. Lab. Code § 1197.5(a) as herein alleged, and have caused, and will continue to cause, Plaintiff emotional distress and loss of earnings.

11.    Defendants had actual and constructive knowledge of the tortious acts and omissions alleged and thereafter ratified said conduct by failing to reprimand or terminate.

12.    Defendants, and each of them, committed these acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendants' wrongful conduct was carried out with a conscious disregard for Plaintiff's rights.

13.    Defendants' conduct warrants the assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.

14.    Plaintiff filed her charges of discrimination, retaliation and sexual harassment against GA-ASI with the California Department of Fair Employment and Housing on July 3, 2017, and thereafter, on that same day, received from the DFEH her "Right to Sue" letters, which are collectively attached hereto as "EXHIBIT A."

## SPECIFIC FACTUAL ALLEGATIONS

15.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

16.    Defendant, TUV SUD, is an engineering services firm providing safety testing and certification services.

17.    On January 3, 2006, Defendant hired Plaintiff as Receptionist with an annual salary of $26,000.

18.    Throughout Plaintiff's career with Defendant, she was a stellar employee. She received multiple promotions. Around May 2006, Plaintiff was promoted to Management Service Project Coordinator, and received a raise up to at least $30,000.

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

19. In May 2008, Plaintiff graduated with a Bachelor of Science in Business Administration/Management. Plaintiff created a key account management program (US MS), and was awarded the Key Account Manager position. She received a raise to $46,000.

20. In January 2011, Plaintiff was promoted to Manager of Innovations and Operations Excellence. Plaintiff launched three new services within the first year.

21. Around this time, Plaintiff started noticing that there was a culture of sexual harassment and gender discrimination within the company. At this time, Defendant employed at least 75% men.

22. For example, during an event mixer, Richard King-Davies, employed by Defendant as auditor, grabbed and twisted Plaintiff's wrist. When asked about this incident, another auditor employed by Defendant, Hermann Ries, reported, "If she doesn't want to be treated like a Barbie doll, she shouldn't act like one." Plaintiff thought this conduct was inappropriate.

23. In addition, following any promotion Plaintiff rightfully received during her employment, Plaintiff would hear comments that she was only getting promoted because she was sleeping with the boss. Plaintiff always responded that this never happened. Many of Defendant's male employees simply could not believe that a female could be successful without using her sexuality.

24. In March 2016, Plaintiff was promoted to Director of Management Service. She received a salary increase to $105,000 with additional options for step increases.

25. From March through September 2016, Plaintiff was subjected to more sexism as a younger woman in charge. Deborah Slobodnik, an external consultant, regularly spoke to Plaintiff about ways to handle being a female manager in a patriarchal organization.

26. Around the same time, Plaintiff started noticing that she was underpaid compared to male employees, even though Plaintiff had more responsibilities and a sometimes even a longer tenure with Defendant than these male employees.

27. In September 2016, Plaintiff attended an in-person meeting with Craig Casillas, Vice President of Management Service, and Phil Legan, Human Resources Manager, regarding Plaintiff's salary. During this meeting, Casillas and Legan confirmed that Plaintiff's performance exceeded expectations. They further confirmed Plaintiff's scheduled salary increase to $115,000.

28. Plaintiff then lodged a complaint about equal pay. She explained that both the former and current Operations Managers, Jorge Correa and Jerry Wilson, both male, earned more than Plaintiff earned. They earned $127,000 + 30 % bonus potential, and $116,000 + 15 % bonus potential, respectively. These two males were not even Plaintiff's peers. In fact, these two men were Plaintiff's subordinates, and reported to her. They also had shorter tenures with Defendant compared to Plaintiff. Plaintiff had more responsibility than them, and Plaintiff was repeatedly coaching and teaching them how to do their jobs.

29. Plaintiff requested a salary increase to $130,000 to make up for the lost wages for performing the job at a lower rate. Legan and Casillas dismissed Plaintiff's request. Instead, they stated that she would receive a 5-6% annual salary increase until an equitable salary was reached.

30. Defendant did not launch an investigation into Plaintiff's complaint of equal pay.

31. In March and April of 2017, Defendant went through its annual performance reviews.

32. Plaintiff's reviews were above average. Her performance exceeded expectations.

33. Plaintiff issued Jerry Wilson's performance review. Jerry Wilson was employed as Operations Manger. He was Plaintiff's subordinate and earned more than Plaintiff.

34. Plaintiff discussed many performance deficiencies with Wilson, including missing deadlines and slow responses.

35. On or around April 24, 2017, Plaintiff had another one-on-one discussion with Wilson about his lack of performance, including prioritization, auditor utilization, responsiveness, timeliness, and time management.

36. Because of Wilson's defective performance, Plaintiff ended up burdening a lot of

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

Wilson's responsibilities.

37. In or around April 2017, Plaintiff received an annual 2% salary increase, which was lower than the promised 5-6% per year.

38. Plaintiff emailed Legan and Casillas on April 23, 2017, reminding them of the September 2016 discussion and the 5-6% increase until an equitable salary was reached. They did not respond.

39. Plaintiff also messaged them through Skype. They ignored her messages. Plaintiff felt frustrated.

40. On May 1, 2017, Plaintiff sent a follow-up email. Legan responded that he would "look into it" and that he would have a more concrete update by May 5th.

41. Plaintiff received no email by May 5th. On May 8, 2017, Plaintiff emailed again. Legan replied with a request to meet May 11, which Plaintiff accepted.

42. On May 9, 2017, Plaintiff heard that Craig Casillas, VP of Management Service, would stop working as Vice President of Management Services. In a text conversation with Kim LeFrancois, and Shannon Johnson, employed by Defendant, they discussed who might be the new VP. Johnson stated, "Katy? [Plaintiff], Yeah no they would never put a woman in there." The company's sexist culture was well known and permeated all levels.

43. On May 11, 2017, Plaintiff attended a phone meeting with Legan to address her complaints of equal pay. Legan completely revoked his promise to pay her an annually 5-6% increase per year, stating "I can't guarantee that" or words to that effect. Legan admitted that $115,000 was on the lower end of the salary range, however, that if she were at a higher salary, there would be "less opportunity for growth" or words to that effect. Plaintiff felt this argument was disingenuous.

44. Plaintiff responded that her pay was significantly less than her male peers and even subordinates, and that the pay gap was not fair. Legan responded by reminding Plaintiff of the investments the company made in coaching her, which he said "was to great benefit to [Plaintiff]" or words to that effect. Plaintiff felt patronized. Clearly, all the

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

employees were coached, and coaching does not replace salary.

45.   Plaintiff explained that her pay was line with Regional Managers, and not Director-level salary. She asked if he had looked at the salaries of her peers to review the pay inequity. Legan responded that he had not. Legan stated, "I feel comfortable currently, the way it is," or words to that effect, further dismissing Plaintiff's request to investigate the pay gap.

46.   Legan cut Plaintiff off multiple times during this call. He did not take Plaintiff's complaints seriously. Legan spoke to Plaintiff in a condescending tone. Plaintiff felt like Legan wanted her to shut her mouth, stop complaining and just be grateful. Plaintiff felt like she had to fight to be taken seriously, and that Legan was irritated with her because she was asserting her rights as a female employee.

47.   On May 16, 2017, Plaintiff emailed HR Generalist, Rita Johnson, to inform her of her pregnancy. Plaintiff expressed her intent to start her maternity leave on August 3, 2017. Johnson responded by sending her a form, and no other comments.

48.   On May 22, 2017, Legan terminated Plaintiff's employment. Plaintiff asked about other opportunities within the company. Legan responded no other opportunities were available. Later, Plaintiff found this to be untrue, as another division (the medical group) was hiring, and was seeking people with Plaintiff's areas of expertise.

49.   Plaintiff was wrongfully terminated. The reasons for the termination were Plaintiff's persistent complaints about equal pay, and Plaintiff's pregnancy.

### FIRST CAUSE OF ACTION
### GENDER DISCRIMINATION
### [Cal. Gov't Code §12940(a)]

50.   Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in the proceeding paragraphs as though fully set forth herein.

51.   Defendant discriminated against Plaintiff in the terms, conditions and privileges of her employment.

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

52. Plaintiff believes and thereon alleges that her gender, female, was a motivating reason for Defendant's discrimination against her, including wrongful termination.

53. Defendant's conduct of discriminating against Plaintiff on the basis of her gender violated Cal. Gov't Code § 12940(a).

54. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

55. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

56. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

57. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney's fees.

### SECOND CAUSE OF ACTION

### RETALIATION

### [Cal. Gov't Code §12940(h)]

58. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

59. Plaintiff and Defendant maintained an employer-employee relationship at all times relevant herein.

60. Defendant has retaliated against Plaintiff as a direct and proximate result of her opposition to gender discrimination.

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

61. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

62. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

63. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

64. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney's fees.

## THIRD CAUSE OF ACTION

## DISCRIMINATION ON BASIS OF PREGNANCY

[Cal. Gov't Code § 12945]

65. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

66. Defendant was aware of Plaintiff's medical condition related to her pregnancy.

67. Plaintiff requested reasonable accommodation for her condition related to her pregnancy.

68. Defendant failed to provide Plaintiff reasonable accommodation for her condition related to her pregnancy, and instead, simply terminated her.

69. Plaintiff's disability due to pregnancy, childbirth, or other related medical condition was a motivating reason for Defendant discriminating against Plaintiff in the terms, conditions and privileges of her employment, including but not limited to terminating Plaintiff.

70. Defendant's conduct of discriminating against Plaintiff in the terms, conditions and

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

privileges of her employment on the basis of her medical condition related to pregnancy violated Government Code section 12945.

71. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

72. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

73. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

74. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorneys' fees pursuant to Government Code section 12965(b).

## FOURTH CAUSE OF ACTION
## FAILURE TO PREVENT GENDER DISCRIMINATION
### [Cal. Gov't Code §12940(k)]

75. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

76. At all times mentioned herein, California Government Code section 12940 et seq. was in full force and effect and was binding on Defendant. This section provide that it is unlawful for Defendant, as an employer, to fail to take all reasonable steps necessary to prevent discrimination from occurring.

77. Plaintiff was subjected to discrimination on the basis of her sex, as set forth herein.

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

Plaintiff was also subjected to retaliation for opposing said discrimination.

78. Defendant failed to take reasonable steps to prevent the harassment and retaliation as described herein.

79. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

80. As a further direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

81. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

82. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney fees and costs pursuant to Government Code section 12965.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE EQUAL PAY TO MEMBERS OF THE OPPOSITE SEX

### [Cal. Lab. Code § 1197.5(a)]

83. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

84. Plaintiff performs substantially similar work, when viewed as a composite of skill, effort, and responsibility, and which is performed under similar working conditions, as Defendant's male employees.

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

85. Plaintiff, as a female employee of Defendant, is paid less than Defendant's male employees who performed substantially similar work, as alleged herein.

86. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial.  Plaintiff has sought to mitigate these damages.

87. As a further direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

88. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover attorney fees and costs pursuant to Labor Code sections 1197.5(g) and 218.5. Plaintiff is also entitled to recover, as liquidated damages, an amount equal to the balance of wages she is owed, pursuant to Labor Code section 1197.5(g).

## SIXTH CAUSE OF ACTION

## RETALIATION

### [Cal. Lab. Code § 1102.5]

89. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

90. Plaintiff performed work for Defendant, as an employee of Defendant, as stated herein.

91. Defendant discriminated Plaintiff on the basis of gender and failed to provide equal pay to members of the opposite sex.

92. Plaintiff had reasonable cause to believe that Defendant's acts were discriminatory.

93. Plaintiff retaliated against Plaintiff as a result of her opposition to Defendant's unlawful conduct.

94. Plaintiff's opposition to Defendant's illegal actions was a motivating reason for Defendant's adverse employment actions.

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

95. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

96. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

97. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

98. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

99. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing attorney's fees pursuant to Code of Civil Procedure section 1021.5.

## SEVENTH CAUSE OF ACTION

## RETALIATION

[Cal. Lab. Code § 1197.4(j)(1)]

100. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

101. Labor Code section 1197.4(j)(1) forbids an employer from discriminating or retaliating against an employee for any action taken by the employee to invoke or assist in any manner the enforcement of Cal. Lab. Code § 1197.5.

102. Plaintiff performed work for Defendant, as an employee, as stated herein.

103. Plaintiff opposed Defendant's failure to provide equal pay to members of the opposite sex.

104. Plaintiff believes and thereon alleges that her opposition to Defendant's illegal conduct and to what she had good faith reasonable cause to believe was Defendant's illegal conduct were motivating reasons for Defendant's adverse employment actions.

105. Defendant's conduct of discriminating against Plaintiff by failing to promote her and retaliating against Plaintiff in the terms, conditions and privileges of her employment on the basis of her opposition to unlawful conduct and to what she had good faith reasonable cause to believe was Defendant's illegal conduct violates Labor Code section 1197.5(j)(1).

106. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

107. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

108. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

109. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing attorney's fees.

## EIGHTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

110. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

111. Defendant intended to cause Plaintiff to suffer extreme emotional distress. Plaintiff did

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

suffer extreme emotional distress as a result of Defendant's actions.

112.    As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits and opportunities.  Plaintiff has sought to mitigate these damages.

113.    As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

//

WHEREFORE, Plaintiff prays for the following relief:

1.    For general and compensatory damages in an amount according to proof;

2.    For punitive damages in an amount necessary to make an example of and to punish Defendant, and to deter future similar misconduct;

3.    For mental and emotional distress damages;

4.    For back pay, front pay and other monetary relief;

5.    For injunctive relief, including reinstatement, promotion, and retroactive seniority;

6.    For costs of litigation, expert costs, and attorneys' fees as permitted by law;

7.    For an award of interest at the prevailing legal rate, as permitted by law;

8.    For such other and further relief as the Court deems proper and just under all the circumstances.

PLAINTIFF KATELYNNE CONSER demands a jury trial on all issues in this case.

DATED: July 3, 2017

GRUENBERG LAW

JOSH D. GRUENBERG
DAPHNE A.M. DELVAUX
Attorneys for Plaintiff,
KATELYNNE CONSER

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1

**EXHIBIT A**

2

(1)  PLAINTIFF **KATELYNNE CONSER'S** RIGHT TO SUE LETTER FROM
3        DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING ("DFEH")

4   (2)  PLAINTIFF **KATELYNNE CONSER'S** COMPLAINT OF DISCRIMINATION
         FILED WITH DFEH
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency          GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**          DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

July 03, 2017

RE: Notice to Complainant or Complainant's Attorney
DFEH Matter Number: 841002-298920
Right to Sue: Conser / Tuv Sud America, Inc

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue. Pursuant to Government Code section 12962,
DFEH will not serve these documents on the employer. You or your attorney must
serve the complaint. If you do not have an attorney, you must serve the complaint
yourself. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                              DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

July 03, 2017

RE:  Notice of Filing of Discrimination Complaint
DFEH Matter Number: 841002-298920
Right to Sue: Conser / Tuv Sud America, Inc

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

July 03, 2017

Katy Conser
2155 First Ave
San Diego, California 92101

RE:  Notice of Case Closure and Right to Sue
DFEH Matter Number: 841002-298920
Right to Sue: Conser / Tuv Sud America, Inc

Dear Katy Conser,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective July
03, 2017 because an immediate Right to Sue notice was requested. DFEH will take no
further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**          DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Enclosures

cc:

|   |   |
|---|---|
| 1 | **COMPLAINT OF EMPLOYMENT DISCRIMINATION** |
| 2 | **BEFORE THE STATE OF CALIFORNIA** |
| 3 | **DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING** |
| 4 | **Under the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.)** |
| 5 |   |
| 6 | In the Matter of the Complaint of              DFEH No. 841002-298920 |
| 7 | Katy Conser, Complainant. |
|   | 2155 First Ave |
| 8 | San Diego, California 92101 |
| 9 | vs. |
| 10 | Tuv Sud America, Inc, Respondent. |
|   | 10040 Mesa Rim Road |
| 11 | San Diego, California 92121 |
| 12 |   |
| 13 | Complainant alleges: |
| 14 | 1. Respondent **Tuv Sud America, Inc** is a subject to suit under the California Fair |
| 15 | Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).  Complainant |
| 16 | believes respondent is subject to the FEHA. |
| 17 | 2. On or around **May 22, 2017**, complainant alleges that respondent took the |
| 18 | following adverse actions against complainant: **Discrimination, Harassment, Retaliation Asked impermissible non-job-related questions, Denied a good** |
| 19 | **faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied continuation of employer-paid health care coverage** |
| 20 | **while on pregnancy disability leave, Denied employment, Denied equal pay, Denied family care or medical leave, Denied or forced to transfer, Denied** |
| 21 | **pregnancy leave, Denied promotion, Denied reasonable accommodation, Denied reinstatement, Terminated, .**  Complainant believes respondent committed |
| 22 | these actions because of their: **Engagement in Protected Activity, Family Care or Medical Leave, Medical Condition - including cancer or cancer related medical condition or genetic characteristics, Sex - Gender, Sex - Pregnancy .** |
|   | 3. Complainant **Katy Conser** resides in the City of **San Diego**, State of **California**. If complaint includes co-respondents please see below. |

-5-

*Complaint ±DFEH No. 841002-298920*

Date Filed: July 03, 2017

1

2    **Additional Complaint Details:**

3
Complainant started working for Respondent in 2006. She was a stellar employee.
4    Starting in 2016, Complainant started lodging complaints about equal pay. She
5    discovered that her male subordinates were earning more than her, even though some
     had shorter tenures, less responsibilities and defective performance. She complained to
6    Craig Casillas and Phil Legan about pay inequity. Respondent failed to investigate her
     complaint. In April/May 2017, Complainant again complained about the wage gap. On
7    May 16, 2017, Complainant also informed Respondent that she is pregnant. In
     retaliation for her complaints and because of her pregnancy, Defendant wrongfully
8    terminated Complainant on May 22, 2017.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

-6-
*Complaint ±DFEH No. 841002-298920*

Date Filed: July 03, 2017

1

VERIFICATION

2
I, **Daphne Delvaux**, am the Attorney for Complainant in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The

3
same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

4

5
On July 03, 2017, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

6

7
**San Diego, CA**
**Daphne Delvaux**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

*Complaint – DFEH No. 841002-298920*

Date Filed: July 03, 2017



# CSC

LDD / ALL
Transmittal Number: 16859536
Date Processed: 07/10/2017

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Andrew Fletcher<br>TUV SUD America Inc.<br>PO Box 4<br>Hooksett, NH 03106 |
| Electronic copy provided to: | Allison Toensing |

| | |
|---|---|
| Entity: | TUV SUD America Inc.<br>Entity ID Number  2857358 |
| Entity Served: | TUV SUD America, Inc |
| Title of Action: | Katelynne Conser vs. TUV SUD America, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court/Agency: | San Diego County Superior Court, California |
| Case/Reference No: | 37-2017-00024107-CU-OE-CTL |
| Jurisdiction Served: | California |
| Date Served on CSC: | 07/07/2017 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Gruenberg Law<br>619-230-1234 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

FILED  CM-010

CIVIL BUSINESS OFFICE
CENTRAL DIVISION

2017 JUL -3 PM 2:16

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): |
|---|
| Joshua D. Gruenberg, #163281<br>Daphne AM Delvaux, #292345<br>Gruenberg Law, 2155 First Avenue, San Diego, CA 92101 |

TELEPHONE NO.: 619.230.1234    FAX NO.: 619.230.1234
ATTORNEY FOR (Name): Plaintiff, Katelynne Conser

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

CASE NAME:
Conser v. TUV SUD AMERICA Inc, et. al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2017-00024107-CU-OE-CTL |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) |

JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): 8
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 3, 2017
Joshua D. Gruenberg, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or
    toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer
        or wrongful eviction*)
    Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-
      domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
      harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition



# Superior Court of California
## County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:     330 W Broadway
MAILING ADDRESS:    330 W Broadway
CITY AND ZIP CODE:  San Diego, CA 92101-3827
BRANCH NAME:        Central
TELEPHONE NUMBER:   (619) 450-7061

PLAINTIFF(S) / PETITIONER(S):    Katelynne Conser

DEFENDANT(S) / RESPONDENT(S):    TUV SUD America Inc

CONSER VS. TUV SUD AMERICA INC

| NOTICE OF CASE ASSIGNMENT<br>and CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br>37-2017-00024107-CU-OE-CTL |
|---|---|

**CASE ASSIGNMENT**

Judge:  John S. Meyer                                    Department: C-61

**COMPLAINT/PETITION FILED:** 07/03/2017

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 01/05/2018 | 09:30 am | C-61 | John S. Meyer |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2017-00024107-CU-OE-CTL       CASE TITLE: Conser vs. TUV SUD America Inc

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
        (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
        (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
        (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, Individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

PLAINTIFF(S): Katelynne Conser

DEFENDANT(S): TUV SUD America Inc

SHORT TITLE:   CONSER VS. TUV SUD AMERICA INC

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2017-00024107-CU-OE-CTL |
|---|---|

Judge: John S. Meyer                                                     Department: C-61

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                 ☐ Non-binding private arbitration

☐ Mediation (private)                          ☐ Binding private arbitration

☐ Voluntary settlement conference (private)    ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                 ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                    Date: _____

Name of Plaintiff                                          Name of Defendant

Signature                                                  Signature

Name of Plaintiff's Attorney                               Name of Defendant's Attorney

Signature                                                  Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 07/03/2017                                          JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)   **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**   Page 1