# EXHIBIT C

Armen Zenjiryan (SBN 261073)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, CA 90017
Telephone: 213.689.0404
Facsimile: 213.689.0430
armen.zenjiryan@jacksonlewis.com

Aimee E. Axelrod (SBN 255589)
JACKSON LEWIS P.C.
225 Broadway, Suite 200
San Diego, California 92101
Telephone: 619.573.4900
Facsimile: 619.573.4901
aimee.axelrod@jacksonlewis.com

Attorneys for Defendant
TUV SUD AMERICA, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| KATELYNNE CONSER, an individual, | Case No. 37-2017-00024107-CU-EO-CTL |
| Plaintiff, | [Assigned for all purposes to Honorable John S. Meyer, Dept. C-61] |
| v. | DEFENDANT TUV SUD AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT |
| TUV SUD AMERICA, INC., a California corporation and DOES 1 through 25, inclusive, | |
| Defendants. | "IMAGED FILE" |
| | Complaint Filed: July 3, 2017 |

Defendant TUV SUD America, Inc. ("Defendant"), on behalf of itself and for no other defendant, hereby responds to the Complaint ("Complaint") filed by Plaintiff Katelynn Conser ("Plaintiff") and otherwise pleads as follows:

///

///

1

DEFENDANT TUV SUD AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## GENERAL DENIAL

Defendant denies generally and specifically each and every allegation contained in the Complaint pursuant to California Code of Civil Procedure section 431.30(d). Defendant further denies, generally and specifically, that Plaintiff is entitled to the relief requested, or that Plaintiff has been damaged in any sum, or at all, by reason of any act or omission on the part of Defendant or its past or present agents, representatives, or employees.

## AFFIRMATIVE DEFENSES

Without admitting any fact alleged by Plaintiff, Defendant further pleads the following separate affirmative defenses to the Complaint and the causes of action therein, the applicability of which will be determined through the course of discovery:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

1. Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Statutes of Limitation)**

2. Any recovery on Plaintiff's Complaint, or any purported cause of action therein, is barred by the applicable statutes of limitation including, but not limited to, California Code of Civil Procedure sections 335.1, 338, and 340; and/or California Government Code sections 12940, 12960, and 12965; and/or California Labor Code section 1197.5(i).

### THIRD AFFIRMATIVE DEFENSE

**(Failure to Exhaust)**

3. Plaintiff's Complaint is barred, in whole or in part, to the extent that Plaintiff failed to exhaust requisite administrative remedies pursuant to California Government Code section 12965, or otherwise satisfy conditions precedent to filing a civil action.

///

///

## FOURTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

4. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of consent, waiver, estoppel, unclean hands, and/or because Plaintiff acted *in pari delicto*.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

5. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in that Plaintiff is guilty of laches and unreasonable delay in bringing this action and in asserting any claims for relief against Defendant.

## SIXTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

6. Any recovery on Plaintiff's Complaint, or any cause of action alleged therein, is barred because Plaintiff's term of employment was for an unspecified duration and therefore terminable at will, with or without cause, pursuant to Labor Code section 2922.

## SEVENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

7. Plaintiff's allegations of discrimination and retaliation are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of available preventive or corrective opportunities or to avoid harm otherwise. *State Dept. of Health Servs. v. Superior Court (McGinnis)* (2000) 31 Cal.4th 1026.

## EIGHTH AFFIRMATIVE DEFENSE

### (Exercise of Reasonable Care)

8. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant exercised reasonable care to prevent and correct promptly any alleged harassing, discriminatory or retaliatory behavior.

///

///

## NINTH AFFIRMATIVE DEFENSE

### (Privilege)

9. Any recovery on Plaintiff's Complaint, or any purported cause of action therein, is barred because all decisions and acts by Defendant which pertained to Plaintiff were privileged pursuant to California Civil Code section 47 or otherwise.

## TENTH AFFIRMATIVE DEFENSE

### (Good Faith & Justified Conduct)

10. Any recovery on Plaintiff's Complaint is barred because Defendant's conduct was a just and proper exercise of Defendant's managerial discretion, undertaken for a fair and honest reason, and regulated by good faith and probable cause under the circumstances existing at all times mentioned in Plaintiff's Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Managerial Immunity)

11. Recovery for any injury or injuries Plaintiff allegedly sustained as a result of any action or inaction by a management employee of Defendant is barred by the doctrine of managerial immunity.

## TWELFTH AFFIRMATIVE DEFENSE

### (Bona Fide System)

12. Plaintiff's claim for violation of the Equal Pay Act is barred by California Labor Code section 1197.5(a) on the ground that any differential in compensation is based on seniority, merit, production quantity or quality, or another bona fide factor other than sex, including but not limited to prior salary history.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Mixed Motive)

13. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming *arguendo* that discriminatory animus had been a motivating factor in any employment decisions toward Plaintiff, Defendant would have made the same employment decisions toward Plaintiff in any case for legitimate, non-discriminatory business reasons. *Harris v. City of Sta. Monica* (2013) 56 Cal.4th 203.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to Perform Responsibilities)

14. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by Plaintiff's failure to satisfactorily perform her job responsibilities and otherwise conduct herself in accordance with the standards and policies of Defendant pursuant to California Labor Code sections 2854 and 2856.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (After-Acquired Evidence)

15. To the extent discovery may disclose information which could serve as a basis for the termination of Plaintiff's employment, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Workers' Compensation Preemption)

16. To the extent that Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, this Court lacks jurisdiction and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, Labor Code sections 3200, *et seq.*

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Offset)

17. Any recovery on Plaintiff's Complaint, or any purported cause of action therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery. *Witt v. Jackson* (1961) 57 Cal.2d 57.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Contributory Fault)

18. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

///

///

### NINETEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

19. Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged damages.

### TWENTIETH AFFIRMATIVE DEFENSE
### (No Punitive Damages)

20. Plaintiff's claims for exemplary and punitive damages are barred in that Plaintiff has failed to raise sufficient allegations of malice, oppression, or fraud and has failed to raise sufficient allegations to comply with the requirements of California Civil Code section 3294.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Punitive Damages Unconstitutional)

21. Plaintiff's claim for punitive damages is unconstitutional under the Fifth and Fourteenth Amendments to the United States Constitution.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Attorney Fees and Costs)

22. Defendant has engaged attorneys to represent its defense of Plaintiff's frivolous, unreasonable, and unfounded action, and Defendant is thereby entitled to an award of reasonable attorney fees and costs pursuant to Government Code section 12965 upon judgment in its favor.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Reservation of Further Defenses)

23. Defendant alleges that Plaintiff's Complaint does not describe the claims or facts being alleged with sufficient particularity to permit Defendant to ascertain what other defenses may exist. Defendant will rely on any and all further defenses that become available or appear during discovery in this action and specifically reserves the right to amend this Answer to Plaintiff's Complaint for purposes of asserting such additional affirmative defenses.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of her Complaint;
2. That the Complaint be dismissed in its entirety with prejudice;

3. That Plaintiff be denied each and every demand and prayer for relief;

4. For costs of suit incurred herein and reasonable attorney fees; and

5. For such other and further relief as the Court may deem just and proper.

Dated: August 3, 2017                     JACKSON LEWIS P.C.

By: _____
Armen Zenjiryan
Aimee E. Axelrod

Attorneys for Defendant
TUV SUD AMERICA, INC.

4831-8357-5116, v. 1

---

7

DEFENDANT TUV SUD AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

| | |
|---|---|
| SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF SAN DIEGO HALL OF JUSTICE | COURT USE ONLY |
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):    Telephone No.<br>Armen Zenjiryan (SBN261073)            Tel: 619.573.4900<br>Aimee E. Axelrod (SBN255589)            Fax: 619.573.4901<br>JACKSON LEWIS P.C.<br>225 Broadway, Suite 2000<br>San Diego, California 92101 | |
| SHORT CASE TITLE<br>Conser v. TUV SUD America, Inc., et al. | ICJ:  The Hon. John S. Meyer<br>DEPT.: C-61 |
| ATTORNEYS FOR DEFENDANTS<br>Defendant TUV SUD America, Inc. | Case No.:<br>37-2017-00024107-CU-OE-CTL |

## PROOF OF SERVICE

I, the undersigned, say: I am over 18 years of age, employed in the County of San Diego, California, in which the within-mentioned service occurred; and that I am not a party to the subject cause of action. My business address is 225 Broadway, Suite 2000, San Diego, California 92101.

On August 3, 2017, I served the following documents:

**DEFENDANT TUV SUD AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**
as follows:

Joshua D. Gruenberg, Esq.            *Plaintiff's Counsel*
Daphne A.M. Delvaux, Esq.
GRUENBERG LAW
2155 First Avenue                    T:   619.230.1234
San Diego, CA 92101-2103             F:   619.230.1074

☐ **BY FAX OR ELECTRONIC.** By transmitting via facsimile or electronic notification the document(s) listed above to the fax number or electronic address set forth above on this date.

☒ **BY U.S. MAIL.** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Diego, addressed as set forth above.

☐ **BY PERSONAL SERVICE.** I caused said document(s) to be hand-delivered to the addressee on August 3, 2017, pursuant to Code of Civil Procedure §1011.

☐ **BY OVERNIGHT MAIL.** I deposited said document(s) in a box or other facility regularly maintained by the express service carrier providing overnight delivery pursuant to Code of Civil Procedure §1013(c).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 3, 2017            _____
                                       Sue Pote